# Exhibit A

FILED 7/16/2021 11:55 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

**RECEIVED**

OCT 1 2 2021

**CITY OF CHAMBLEE**

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JOHNATHAN A. AZAR

Case No.:   21CV6134

Plaintiff

VS

CITY OF CHAMBLEE, GA

Defendant

# SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

Jeanne Bynum Hipes
HIPES LAW LLC
2475 Northwinds Parkway, Suite 200
Alpharetta, Georgia 30009
counsel@hipeslaw.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____16____ day of ____July____, 20__21__.

Honorable Debra DeBerry
Clerk of Superior Court

                /s/ Tamakia Allsop
By_____
                Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 7/16/2021 11:55 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JOHNATHAN A. AZAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | 21CV6134 |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CITY OF CHAMBLEE, GA** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Johnathan A. Azar ("Mr. Azar" or "Plaintiff") and files this Complaint against Defendant City of Chamblee, Georgia. (the "City" or "Defendant"), showing the Court as follows:

## INTRODUCTION

1.      This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C §20000e-2 *et seq.,* as amended ("Title VII), alleging discrimination on the basis of race, and 42 U.S.C §1983 ("Section 1983"), alleging violation of Plaintiff's Fourteenth Amendment rights, against Defendant.

## PARTIES, JURISDICTION, VENUE, AND SERVICE

2.      Plaintiff is a Caucasian citizen of the State of Georgia and resident of Bartow County, Cartersville, Georgia. Plaintiff is a former employee of Defendant. Plaintiff submits himself to the jurisdiction of this Court.

3.      Defendant, the City of Chamblee, is a local government entity in DeKalb County Georgia organized and existing under the laws of the State of Georgia and is, therefore, subject to the jurisdiction of this Court.

1

4.      Venue is proper in DeKalb County because Defendant is a local government entity in DeKalb County and the unlawful actions and practices alleged herein were committed in DeKalb County.

5.      Defendant may be served pursuant to O.C.G.A. §9-11-4(e)(5) by delivering a copy of the summons and of the complaint to City of Chamblee Mayor R. Eric Clarkson or the City Manager, Jon Walker, at 5468 Peachtree Road, Chamblee, GA 30341.

6.      Defendant is an "employer" within the meaning of Title VII.

7.      Defendant has had more than fifteen (15) employees.

8.      Defendant is a "person" under Section 1983.

9.      Defendant is a public employer and Plaintiff was a public employee.

10.     Plaintiff's employment could only be terminated with due process.

11.     Defendant violated Title VII and the Fourteenth Amendment to the United States Constitution when it subjected Plaintiff to employment discrimination on the basis of race.

12.     Defendant acted intentionally and under color of law when it purposefully and disparately disciplined and terminated Plaintiff's employment on the basis of race in keeping with a city policy, practice, or custom that treats Black employees more favorably than white employees.

## ADMINISTRATIVE PROCEEDINGS AND NOTICE

13.     Plaintiff filed a charge of discrimination (Charge No. 410-2019-09218) (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") on or around November 18, 2019, which was well within 180 days of the occurrence of the discriminatory events of which he complains. A true copy of the EEOC Charge is here attached as **Exhibit A**.

14.     Upon information and belief, Defendant received timely notice of the Charge from

2

the EEOC.

15.     Defendant responded to the Charge by filing its position statement with the EEOC on or around January 28, 2020.

16.     On or about February 5, 2021, Plaintiff received a Notice of Right to Sue from the EEOC relating to his Charge. A true copy of the Notice of Right to Sue is here attached as **Exhibit B**.

17.     The 90-day period of time for Plaintiff to file this suit was set to expire on or about May 6, 2021. However, the parties agreed to toll this statute of limitations through July 16, 2021. This civil action is instituted in the appropriate court within the period of time agreed to by the parties.

18.     At all times, Defendant has had full notice of Plaintiff's claims against the City.

## STATEMENT OF FACTS

### Azar's Employment with the City

19.     Plaintiff is a 12-year police veteran and a veteran of the United States military.

20.     Defendant hired Plaintiff as a Police Officer on January 9, 2017.

21.     At all times, Plaintiff met or exceeded Defendant's reasonable expectations for his employment.

22.     Plaintiff received Letters of Commendation from the Chamblee Police Department on June 22, 2017 and April 8, 2018, reflecting his commendable work.

23.     Plaintiff's employment was subject to the City of Chamblee Personnel Policy and Manual ("Manual").

24.     The Manual contains a Standards of Conduct policy (Section VI-1) that states "the City has established this policy and related procedures to help ensure that unacceptable behavior

3

is corrected so that employees involved can continue working for the city... it is the City's intent to terminate the employment of those individuals who do not correct their behavior after being given an opportunity to do so, or who engage in behavior that is so seriously detrimental to the city and its employees that immediate termination is called for."

25.     The Standards of Conduct policy includes guidelines for progressive and appropriate discipline that is timely and consistent with the discipline administered to other employees under the same or similar circumstances.

26.     The Standards of Conduct policy also includes a Grounds for Action section that groups offenses by severity and then includes progressive steps for discipline in the event of the first and then subsequent violations.

27.     During his employment, Plaintiff was also subject to various other policies applicable to City of Chamblee Police Officers, including a set of Chamblee Police Department Standard Operating Procedures. The Standard Operating Procedures includes a section on Body Worn Cameras ("BWC"), Section P-007.

28.     The BWC policy states that officers are to "activate the BWC to record all contacts with citizens in the performance of official law enforcement duties."

29.     Section III(D) of the BWC policy also states that BWCs "shall not generally be used to record: (1) Communications with other police personnel; (2) Encounters with undercover officers or confidential informants..."

30.     Finally, the BWC policy states: "If an officer fails to activate the BWC, fails to record the entire contact, or interrupts the recording, the officer shall document why a recording was not made, was interrupted or was terminated."

31.     The Standard Operating Procedures also includes a Code of Conduct policy, Section

4

A-020, which prohibits officers from engaging in certain intentional conduct.

### The City Accuses Azar of Violating its HR Manual

32.     On April 11, 2018, Plaintiff responded to a traffic accident (the "Accident") in the course of his duties as a Police Officer.

33.     The Accident involved a civilian African American female motorist and a Caucasian male undercover narcotics officer of the Sandy Springs police force.

34.     While at the scene, Plaintiff had conversations with other law enforcement officers and the undercover narcotics officer.

35.     During these conversations, Plaintiff intermittently turned off his BWC in keeping with Section III(D) of the BWC policy.

36.     While at the scene and reviewing the Accident, Plaintiff was initially uncertain which driver, or if any driver, was at fault.

37.     As Plaintiff continued his review, he ultimately determined, in good faith, that the civilian motorist was at fault, and he charged her with an offense.

38.     Over three months following the Accident, the civilian motorist complained that Plaintiff was rude to her.

39.     Defendant investigated the complaint. As part of this investigation, it conducted an internal affairs interview with Plaintiff on July 2, 2019, over three months after the Accident.

40.     In finalizing the investigation, the investigator concluded that Plaintiff's body camera was off intermittently while Plaintiff was at the scene of the Accident and that Plaintiff had made inconsistent statements during the July 2, 2019 interview.

41.     Plaintiff did not dispute that his camera was off intermittently while he was at the scene of the Accident, but explained to Defendant that he had turned it off to conceal the identity

5

of the undercover narcotics officer who had been involved in the Accident in accordance with the BWC policy.

42.    Plaintiff also did not dispute that his statements during the investigation contained inconsistencies, but he denied the intent to be dishonest. Rather, Plaintiff explained that his statements during the interview were true to the best of his knowledge and recollection at the time the statements were made.

43.    Defendant disregarded Plaintiff's explanations for his conduct and summarily terminated Plaintiff's employment on or around August 3, 2019.

44.    The specific reasons Defendant provided for Plaintiff's termination include that Plaintiff had violated the BWC policy (P-007(B)) in the course of the Accident and violated the City's Code of Conduct (A-020) in the course of the July 2, 2019 internal affairs interview.

**Defendant's Racial Bias Against Azar Becomes Clear**

45.    Plaintiff is a white male.

46.    Plaintiff's race was a motivating factor in his termination. In fact, but for the Plaintiff's race, he would not have been fired.

47.    Within the Defendant's workplace, which is predominantly Black, Plaintiff was a racial minority.

48.    The Chief of Police, Kerry A. Thomas (Black), who was the decision maker responsible for terminating Plaintiff, has only terminated one other person during his tenure as Chief.

49.    Sergeant Nick Nixon (Black), Plaintiff's then immediate supervisor, also supported the decision to terminate Plaintiff's employment.

50.    Several Black similarly situated police officers have engaged in similar or more

6

serious violations of applicable policies and procedures and were not terminated or were otherwise treated more favorably than Plaintiff.

51.     For example, upon information and belief, Lestat Weston (Black) failed to use his body camera during a domestic violence incident. A complaint was made against Officer Weston and Officer Weston was disciplined with an 80-hour suspension. Officer Weston was not terminated even though he apparently violated the same BWC policy that Plaintiff allegedly violated.  Unlike Plaintiff, he was allowed to keep his job.

52.     Steven R. Jackson (Black) was disciplined, with verbal and written counseling, for violating the BWC policy, but never terminated. Officer Jackson was also the subject of a complaint following an accident investigation. The complainant alleged that Officer Jackson yelled at the complainant and struck her in the chest with his vehicle door. During that incident, Officer Jackson's body camera was not turned on, in violation of the BWC policy. Officer Jackson was issued a written warning, but not terminated.  Unlike Plaintiff, he was allowed to keep his job.

53.     Lacanmaren Shinhoster (aka Kamryn Johnson) (Black) was found to have violated the BWC policy and other conduct policies. Shinhoster was sanctioned with a 24-hour suspension from Defendant, not terminated.   Unlike Plaintiff, he was allowed to keep his job.

54.     Upon information and belief, there are many other non-white City police officers who have violated the BWC policy, but who were disciplined short of termination.

55.     Upon information and belief, there are other similarly situated City police officers who were afforded the progressive discipline that Plaintiff was denied.

56.     Plaintiff was terminated in the midst of the ongoing social movements in America related to race and racial justice, race and policing practices, and anti-white sentiments among people, communities, and organizations of color.

57.     Other circumstances exist to create an inference that Defendant had or has reason or inclination to discriminate against white employees.

**Azar Has Suffered Grave Damages**

58.     Plaintiff has suffered loss of both employment and access to his long-chosen career path.

59.     Plaintiff's commitment to his work in public service, and the integrity with which he performed it, really is not in question.

60.     As stated, Plaintiff is a military veteran, having served our country as a member of the Military Police in both the Army and Air Force. After finishing that service honorably, Mr. Azar followed in his father's footsteps to work in the only profession he ever considered for himself—police work.   Plaintiff has now seen his childhood dream of being a police officer, and his hard work and commitment to serving his country and community, decimated, not because of any actual harm he caused or terminable offense he committed, but because of race, and specifically, his race.

61.     Plaintiff's personal relationships with his family have deteriorated as a result of this illegal termination and he has suffered enormous grief and despair, among other damages, as a result.

## <u>COUNT I</u>
## <u>TITLE VII RACE DISCRIMINANTION</u>

62.     Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

63.     Plaintiff is white.

64.     Plaintiff was employed by Defendant

65.     Defendant is an employer under the meaning of Title VII.

66.     At all times, Plaintiff met or exceeded Defendant's reasonable expectations for his employment. All allegations to the contrary are false and pretext for discrimination on the basis of race.

67.     Plaintiff was subjected to an adverse action when he was terminated by Defendant.

68.     Plaintiff was terminated because of his race.

69.     Plaintiff's race was a motivating factor in his termination, and in fact, but for his race, he would not have been terminated.

70.     Similarly situated employees who were not white were treated more favorably than Plaintiff.

71.     As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered economic damages in the form of lost wages and other job-related benefits, including retirement benefits and social security, all in an amount to be established at trial.

72.     In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, loss of his long-established career and the honor and respect it brought, among other non-pecuniary losses all in an amount to be established at trial.

73.     Moreover, Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

74.     Plaintiff is entitled to recover the attorneys' fees he has incurred in bringing this action, together with all costs of litigation, pursuant to Title VII and O.C.G.A. § 13-6-11 and other applicable laws, as Defendant has acted in bad faith, been stubbornly litigious and caused Plaintiff unnecessary trouble and expense.

9

## COUNT II
## 42 USC 1983, *et seq.* RACE DISCRIMINATION

75.     Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

76.     Defendant is a public employer.

77.     Plaintiff was a public employee whose employment could only be terminated with due process.

78.     Plaintiff is protected, by the Fourteenth Amendment of the United States Constitution, from being subjected to discrimination, by persons acting under color of state law, on the basis of race.

79.     Defendant is a local government entity that acts under color of state law.

80.     Defendant maintains widespread and well settled policies, customs, and practices that favor non-whites.

81.     Defendant treated non-whites who engaged in the same or similar conduct as Plaintiff more favorably than it treated Plaintiff.

82.     Defendant intentionally discriminated against Plaintiff when it terminated Plaintiff's employment because he is white.

83.     Defendant's conduct violated Plaintiff's Fourteenth Amendment rights to due process and equal protection under the law.

84.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic damages in the form of lost wages and other job-related benefits, including retirement benefits and social security, all in an amount to be established at trial.

85.     In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, loss of

10

his long-established career and the honor and respect it brought, among other non-pecuniary losses all in an amount to be established at trial.

86.     Moreover, Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

87.     Plaintiff is entitled to recover the attorneys' fees he has incurred in bringing this action, together with all costs of litigation, pursuant to Section 1983 and O.C.G.A. § 13-6-11 and other applicable laws, as Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## COUNT III

### 42 USC 1981, *et seq.* RACE DISCRIMINATION

88.     Plaintiff incorporates by reference the facts set forth in all of the preceding paragraphs of this Complaint, as if set forth fully herein.

89.     Plaintiff is White; thus, he is in a protected class pursuant to Section 1981.

90.     Plaintiff performed his duties satisfactorily as is evidenced by his performance metrics. All allegations to the contrary are false and pretext for discrimination and harassment on the basis of race.

91.     Plaintiff, as a minority in the office he was in, was intentionally discriminated against due to his race in that he was disciplined more harshly than similarly-situated non-white employees outside of his protected category (White), despite their far more egregious and consistent errors.

92.     During the course of his employment, Plaintiff was treated more harshly than other similarly-situated employees outside of his protected category by his immediate supervisors and

upper management when he was reprimanded for minor errors while others were not disciplined and ultimately retained in Defendant's employ.

93.    Plaintiff suffered adverse employment actions, culminating in the termination of his employment. But for his race, he would not have been terminated.

94.    Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as a direct and proximate result of Defendant's violation of his civil rights as alleged herein.

95.    Plaintiff has suffered and is entitled to recover compensatory damages proximately caused by the City's violations of Section 1981 in an amount to be proved at a trial by jury.

96.    Plaintiff is also entitled to punitive damages under Section 1981 and other applicable laws, due to the City's intentional discrimination perpetrated with malice or reckless indifference to Mr. Azar's federally protected rights, in an amount to be determined by the enlightened conscience of the jury after hearing the evidence.

97.    Plaintiff is entitled to recover the attorneys' fees she has incurred in bringing this action, together with all costs of litigation, pursuant to Section 1981 and O.C.G.A. § 13-6-11, and other applicable laws, as Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense,

### PRAYER FOR RELIEF

WHEREFORE Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a)    judgment that Defendant has engaged in unlawful employment practices in violation of the Title VII and the Fourteenth Amendment;

(b)    an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII and the Fourteenth Amendment;

(c)     full back pay from the date of Plaintiff's termination, considering all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and retirement benefits of employment, with prejudgment interest thereon;

(d)     full compensatory damages for Plaintiff's mental and emotional damages suffered as a result of Defendant's unlawful and discriminatory acts;

(g)     reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

(h)     reasonable attorneys' fees and costs;

(i)     an award of pre-judgement and post-judgment interest;  and

(j)     other and further relief as it deems just and proper.

Respectfully submitted this 16th day of July 2021.

HIPES LAW, LLC

*/s/JeanneBynumHipes*

Jeanne Bynum Hipes
GA BAR No. 100575

HIPES LAW LLC
2475 Northwinds Parkway Suite 200
Alpharetta, GA 30009
Email: counsel@hipeslaw.com
Telephone: (678) 867-7006
Fax: (770) 783-5010

Counsel for the Plaintiff

13

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2019-09218 |
| | | and EEOC |

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>**Mr. Johnathan A. Azar** | Home Phone *(Incl. Area Code)*<br>**(770) 616-4181** | Date of Birth<br>**1980** |
|---|---|---|
| Street Address                     City, State and ZIP Code<br>**24 Farmbrook Dr SW, Cartersville, GA 30120** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**CITY OF CHAMBLEE** | No. Employees, Members<br>**201 - 500** | Phone No. *(Include Area Code)*<br>**(770) 986-5010** |
|---|---|---|
| Street Address                     City, State and ZIP Code<br>**3518 Broad Street,  Chamblee, GA 30341** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address                     City, State and ZIP Code | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  **08-03-2019**   Latest  **08-03-2019**
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired during January 2017 as a Police Officer. I believe that I have been subjected to more severe disciplinary actions because of my race (white) than Officers who are black. Specifically, I alleged that I was investigated due to a motorist complaint regarding my handling of an accident approximately March or April 2019. I responded to a traffic accident involving a motorist and an undercover narcotic officer. The motorist complained that I was rude to her and the Investigator noted that my body camera was off while at the accident scene. I confirmed that my camera was off to conceal the identity of the undercover narcotic officer. The decision was made to discharge my employment because I violated the body camera policy. On the contrary, several black Officers have more serious violations and were not discharged.

I was discharged on August 3, 2019 and informed that it was due to the policy violation involving the body camera.

I believe that I have been discriminated against because of my race (white) with regard to my discharge in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct. | NOTARY – *When necessary for State and Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
|---|---|
| **Nov 18, 2019** _____<br>Date            *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   Johnathan A. Azar
      24 Farmbrook Dr SW
      Cartersville, GA 30120

From:   Atlanta District Office
        100 Alabama Street, S.W.
        Suite 4R30
        Atlanta, GA 30303

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2019-09218 | Mark D. Maddox, Investigator | (404) 562-6834 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

February 5, 2021

Enclosures(s)

**Darrell E. Graham,
·District Director**

*(Date Issued)*

cc:   **Patrick L. Lall, Esq.
      Elarbee Thompson, LLP
      229 Peachtree Street, NE
      Suite 800
      Atlanta, GA 30303**

**Sheri Oluyemi, Esq.
HIPES LAW LLC
2475 Northwinds Parkway
Suite 200
Alpharetta, GA 30009**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope and record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was issued to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

FILED 7/16/2021 11:55 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## General Civil and Domestic Relations Case Filing Information Form

■ **Superior or** ☐ **State Court of** _____ DEKALB _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed ___7/16/2021___ | Case Number ___21CV6134___ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
AZAR          JOHNATHAN   A.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
CITY OF       CHAMBLEE     GEORGIA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Jeanne Bynum Hipes          **State Bar Number** 100575          **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☑ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

FILED 10/19/2021 4:08 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## AFFIDAVIT OF SERVICE

| Case: 21CV6134 | Court: IN THE SUPERIOR COURT OF DEKALB COUNTY STATE OF GEORGIA | County: DEKALB | Job: 6211005 |
|---|---|---|---|
| Plaintiff / Petitioner: JOHNATHAN A AZAR | | Defendant / Respondent: CITY OF CHAMBLEE, GA | |
| Received by: Lorenzo Kenerson | | For: Hipes Law LLC | |
| To be served upon: CITY OF CHAMBLEE, GA | | | |

I, Lorenzo Kenerson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** CITY OF CHAMBLEE, GA, 5468 Peachtree Rd, Atlanta, GA 30341

**Manner of Service:** Government Agency, Oct 12, 2021, 10:01 am EDT

**Documents:** Summons and Complaint

**Additional Comments:**
1) Successful Attempt: Oct 12, 2021, 10:01 am EDT at 5468 Peachtree Rd, Atlanta, GA 30341 received by JON WALKER, CITY MANAGER, authorized to accept service for the CITY OF CHAMBLEE, GA.

_____  10-13-21
Lorenzo Kenerson          Date

Lorenzo Kenerson

404-528-5877

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

_____  10/13/21
Date          Commission Expires

MARGARET LAND
NOTARY
EXPIRES
NOV 7, 2023
PUBLIC
GWINNETT COUNTY, GA

### IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS     :    CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER      :

                   :     21MPR 1056

                   :

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2021

    The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

**LORENZO KENERSON JR**

This appointment shall be effective until midnight December 31, 2021.

**IT IS SO ORDERED this 20th of JANUARY 2021.**

Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit